This is an appeal of a Jefferson County Personnel Board decision.
 The plaintiff in the present case was prosecuted in the Birmingham Municipal Court on criminal charges involving assault, battery, and harassment. The plaintiff subpoenaed over seventy witnesses to testify in his defense to the criminal charges brought against him in the municipal court. One of the persons subpoenaed was Mr. Oscar Stillwagon, the chief clerk for the Birmingham Municipal Court.
 After the criminal proceeding, at which the plaintiff was convicted of the charges against him and ordered to pay a fine, the plaintiff filed a complaint with the Jefferson County Personnel Board wherein he sought the dismissal of Mr. Stillwagon and another municipal court employee, Ms. Belinda Rushon, who was the subpoena clerk.
 A hearing was held by the Jefferson County Personnel Board wherein the Board examined the conduct of both employees. At the hearing the plaintiff alleged that Mr. Stillwagon was guilty of misconduct for failing to appear at the previous criminal proceeding after being subpoenaed. The plaintiff alleged that Ms. Rushon was guilty of misconduct for failing to properly issue all of the subpoenas he requested be issued.
 During the Personnel Board hearing the plaintiff voluntarily dropped the complaint he previously lodged against Ms. Rushon. The remainder of the proceeding, therefore, was devoted to the allegations surrounding Mr. Stillwagon's conduct. After the hearing the Personnel Board concluded that Mr. Stillwagon was not guilty of misconduct, and, therefore, dismissed the charges against him.
 The plaintiff subsequently sought review of the Personnel Board decision by the Circuit Court of Jefferson County, and a three-judge panel was appointed to review the Personnel Board decision. The three-judge panel affirmed the decision of the Jefferson County Personnel Board. The plaintiff seeks review in this court.
 The method of review of a three-judge circuit court panel decision upholding a Jefferson County Personnel Board order is by common-law writ of certiorari. See Ex parte Smith, 394 So.2d 45 (Ala.Civ.App. 1981). Review of the writ of certiorari in this court is limited to a consideration of the proper application of the law by the circuit court and whether that court's decision is supported by the legal evidence. Ex parte Smith, supra.
The record in the present case indicates that the plaintiff filed a complaint with the Personnel Board, alleging that Mr. Stillwagon failed to answer a subpoena. The record also indicates the plaintiff filed a complaint against Ms. Rushon, alleging she was guilty of misconduct for failing to issue several subpoenas. The plaintiff voluntarily *Page 856 
dismissed his complaint against Ms. Rushon at trial.
 The testimony before the Personnel Board indicates that Mr. Stillwagon was served with a subpoena to appear at the plaintiff's trial in municipal court; however, because of job-related obligations, Mr. Stillwagon had to be in Ensley, Alabama on the day of the plaintiff's criminal trial. In an effort to comply with the subpoena, Mr. Stillwagon informed Municipal Court Judge Emory Anthony of the circumstances necessitating his absence from court. Judge Anthony nonetheless placed Mr. Stillwagon on call in the event that his testimony was necessary for the disposition of the criminal case.
 The plaintiff attempted to call Mr. Stillwagon as a witness in the marathon municipal case which lasted almost a day and in which the plaintiff subpoenaed over seventy witnesses. The plaintiff purportedly wanted to use Mr. Stillwagon's testimony to impeach the testimony of one of his own prior witnesses. The record indicates, however, that Judge Anthony denied the plaintiff's request that Stillwagon be allowed to testify because Stillwagon lacked personal knowledge about the matter at hand. As the evidence shows, Mr. Stillwagon was on call but did not testify because the trial judge ruled that his testimony would be irrelevant.
 After a careful review of the record, we are satisfied there is an absence of evidence that would support a finding that either Ms. Rushon or Mr. Stillwagon was guilty of misconduct during plaintiff's criminal trial. Mr. Stillwagon did answer the subpoena, and the complaint against Ms. Rushon was dropped at the Personnel Board hearing. For these reasons, we hold that the circuit court's decision is supported by the evidence. See, City of Mobile v. Seals, 471 So.2d 431
(Ala.Civ.App. 1985). Therefore, its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1238