This is a personnel board case.
This case initially arose when respondent, Jefferson County Home, a Birmingham area nursing home run by Jefferson County, dismissed Mr. William T. Jones, a guard at the nursing home, for insubordination. Mr. Jones appealed his dismissal to the Jefferson County Personnel Board (hereinafter referred to as the Board). The Board set aside the dismissal of Mr. Jones and instead suspended Mr. Jones for a period of thirty days.
Jefferson County Home thereafter appealed the Board's decision to the Circuit Court of Jefferson County, Alabama. The Board moved to dismiss the appeal on the ground that Jefferson County Home's notice of appeal to the circuit court was untimely filed. The circuit court subsequently granted the Board's motion to dismiss without assigning the appeal to a three-judge panel, pursuant to Act No. 679 of the 1977 Regular session of the Alabama Legislature. See, 1977 Ala. Acts 679.
Jefferson County Home then filed a motion for reconsideration or, in the alternative, what is analogous to a Rule 60(b)(4) motion to set aside the judgment on the basis that it was void.See, Rule 60(b)(4), Alabama Rules of Civil Procedure. The circuit court subsequently vacated the Board's earlier decision on the basis that *Page 1031 
the Board failed to follow the proper administrative guidelines in issuing its order. In fact, the circuit court vacated the Board's prior order because the Board mistakenly listed the incorrect name of Mr. Jones's appointing authority in its order reinstating Mr. Jones and suspending him for thirty days.
The Board now petitions this court for a writ of certiorari and asserts that the circuit court erred in refusing to dismiss the appeal as untimely filed and in granting Jefferson County Home's Rule 60(b) relief. Jefferson County Home, on the other hand, has filed a motion to dismiss the Board's petition on the basis that it failed to exhaust its administrative remedies before appealing.
Before addressing these issues, however, we first note that the proper method of reviewing circuit court decisions involving appeals from the Jefferson County Personnel Board is by common-law petition for writ of certiorari. See, Copeland v.Personnel Board, 498 So.2d 854 (Ala.Civ.App. 1986). Under the appropriate standard of review for cases before this court on certiorari, this court is limited to a review of whether the circuit court's decision is supported by any legal evidence.Copeland v. Personnel Board, supra.
 I. Motion to Dismiss
Jefferson County Home has moved to dismiss the Board's petition for writ of certiorari to this court on the basis that the Board failed to exhaust its administrative remedies before seeking our review of the circuit court's decision. Jefferson County Home contends that before petitioning for writ of certiorari to this court the Board should have sought the review of the circuit court's decision by a three-judge panel pursuant to the statute in question. See, 1977 Ala. Acts 679. Apparently, Jefferson County Home is asserting that a three-judge panel should have been convened to review the merits of the circuit court's entry of the order vacating the underlying decision of the personnel board prior to the Board's petition for writ of certiorari. We disagree.
The relevant statutory provisions relating to appeals from the Board to the circuit court provide, in pertinent part:
 "Upon receipt of said papers [i.e., the record and proceedings before the Board] the Circuit Clerk shall present the same to the Presiding Judge of the Circuit Court . . . and the Presiding Judge . . . shall assign the case so appealed to three Circuit Judges of said Circuit who shall jointly review the record of the hearing before the Personnel Board."
1977 Ala. Acts 679. Thus, the statute in question obligates the presiding judge of the circuit court to assign the appeal to a three-judge panel only for a review of the record and hearing before the personnel board. There is no indication that the act requires that the three-judge panel be convened in order to determine jurisdictional matters, such as whether notice of appeal was timely filed.
In the present case the trial court merely dismissed the appeal to the circuit court as untimely filed. The case was never assigned to a three-judge panel because the circuit court was unable to address the merits of the case. We, therefore, deny the motion to dismiss.
 II. Merits
The Board asserts that the circuit court erred in granting Jefferson County Home's Rule 60(b)(4) motion after the court had previously dismissed its appeal as being untimely filed.
The record reveals that the circuit court granted Jefferson County Home's Rule 60(b)(4) relief on the basis that the Board's earlier decision was null and void. Presumably, the circuit court held the underlying judgment was void because the order issued by the Board contained the name of the wrong appointing authority. This defect was later shown to be a clerical error.
We note that Rule 60(b)(4) relief is appropriate only in instances in which the court rendering the relief lacked jurisdiction over either the parties or the subject matter in the case from which the previous judgment *Page 1032 
arose. See, Denton v. Edmiston, 475 So.2d 877 (Ala.Civ.App. 1985).
Our review of the record, however, reveals that the Board possessed subject matter and personal jurisdiction over the parties at all times. Jefferson County Home failed to file its notice of appeal with the Board within the time specified by the statute. Therefore, the circuit court lacked jurisdiction to review the Board's decision, and its only recourse was to dismiss the appeal as being untimely filed.
Rule 60(b) relief is not a substitute for an appeal from a prior decision, see, Hester v. Hester, 474 So.2d 734
(Ala.Civ.App. 1985), nor is Rule 60(b) a vehicle through which a party may seek relief from its own calculated and deliberate choices.See, Musgrove v. Musgrove, 423 So.2d 881 (Ala.Civ.App. 1982). In this case Jefferson County Home failed to file timely notice of appeal; therefore, the circuit court should have dismissed its appeal from the Board's decision.
The judgment below is reversed and remanded with directions that the circuit court enter judgment in accordance with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.