WRIGHT, Retired Appellate Judge.
In 1987, Addie L. Jackson began her employment with Cooper Green Hospital (“CGH”), a government operating department of Jefferson County, Alabama. She was 50 years old. On December 31, 1996, when she was 59 years old, Jackson’s employment was terminated for misconduct. At the time of the termination, Jackson held the position of Chief of Imaging at CGH.
On January 1, 1997, Jackson appealed her dismissal to the Jefferson County Personnel Board (“JCPB”), which appointed a hearing officer to conduct a hearing. Jackson raised age discrimination as a defense in her appeal to the JCPB. The hearing was conducted on February 28, 1997, and March 19, 1997. On April 16, 1997, the hearing officer issued a written opinion, concluding that Jackson’s termination may have been “unnecessarily harsh under the circumstances” and recommending that Jackson be reinstated with a lesser disciplinary action, such as suspension, demotion, transfer, or retraining. On May 6, 1997, after reviewing the summary and conclusion of the hearing officer, along with oral arguments presented by both parties, the JCPB sustained Jackson’s termination.
On May 12, 1997, Jackson sued CGH and the JCPB in circuit court. In Count I of the complaint, Jackson alleged that CGH wrongfully terminated her employment in violation of the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 621 et seq., and 42 U.S.C. § 1983. In Count II of the complaint, Jackson alleged that the JCPB erred in sustaining her termination against the recommendation of the hearing officer. In Count III of the complaint, Jackson sought damages pursuant to 42 U.S.C. § 1983.
On June 25, 1997, the JCPB moved to sever Jackson’s claim of wrongful termination from her ADEA claim. The JCPB argued that the allegations contained in Count II of the complaint stemmed from a decision of the personnel board, and that the right of appeal from such a decision, created by § 22 of Act No. 248, 1945 Ala. Acts p. 376, as amended by Act No. 679, 1977 Ala. Acts p. 1176, was limited to review by a three-judge panel. The trial court granted the motion and severed the claim. On February 4, 1998, after reviewing the record, the three-judge panel concluded that there was substantial and legal evidence to support the decision of the JCPB.
CGH and the JCPB subsequently moved for a summary judgment on the ADEA claim, alleging that the doctrines of collateral estoppel and res judicata precluded the circuit court from entertaining the ADEA claim. The court entered a summary judgment in favor of CGH and the JCPB.
Jackson appeals to this court for a writ of certiorari for a review of the judgment of the three-judge panel in affirming the JCPB decision to uphold the termination of her employment. She also appeals the summary judgment entered in favor of CGH and the JCPB as to her ADEA claim. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.

Writ of Certiorari

Jackson appeals for a writ of cer-tiorari for a review of the judgment of the three-judge panel in affirming the JCPB’s decision to uphold her termination.
We note that a judgment by the three-judge panel of the Jefferson County Circuit Court may be reviewed by this court via a writ of certiorari. Under the appropriate standard of review for cases before this court on certiorari, this court is limited to a review of whether the circuit court properly applied the law and whether the decision is supported by any legal evidence. Ex parte Personnel Board of *458 Jefferson County, 513 So.2d 1029 (Ala.Civ.App.1987).
Jackson’s employment was terminated for her violation of the following personnel rules: conduct unbecoming an employee; incompetency or inefficiency; neglect of duty; violation of any lawful or reasonable regulations or order made and given by a superior officer; and for any reason deemed to be in the best interests of the public service. These violations arose from allegations that Jackson failed to supervise students from Jefferson State Community College assigned to her section; that she failed to complete leave and attendance records for employees under her supervision; that she failed to properly attend to payroll responsibilities; that she failed to follow instructions to divide work among part-time employees in an equal and equitable manner; and that, despite numerous counselings and warnings regarding the poor management of her section, she continued to neglect the duties of her position.
In affirming the JCPB’s decision to terminate Jackson’s employment, the three-judge panel entered the following order:
“The scope of this Court’s review of the action of the Personnel Board is extremely limited. The review is limited to questions of law and the question of whether or not the decision of the Personnel Board is supported by substantial and legal evidence. The determination of the weight and credibility of the evidence presented is solely within the province of the Personnel Board and that decision must be affirmed if there is a rational basis supporting it.
“After a review of the record of the Personnel Board and consideration of the arguments presented by counsel, the Court concludes that there is substantial and legal evidence to support the decision of the Personnel Board.”
(Citations omitted.)
Our review of the record substantiates the decision of the three-judge panel. While Jackson was not guilty of all the charges, she was guilty of many of them. We find that there was ample evidence to warrant Jackson’s dismissal, especially considering that she had previously and progressively been disciplined prior to her dismissal. The judgment of the three-judge panel is affirmed.

Summary Judgment

The trial court entered a summary judgment in favor of CGH and the JCPB on Jackson’s ADEA claim, finding that it was barred by the doctrines of collateral estoppel and res judicata. Jackson argues that the entry of the summary judgment was made in error. We agree.
Our supreme court recently addressed this identical issue in Ex parte Boyette, 728 So.2d 644 (Ala.1998). In Boyette, the court determined that the circuit court did not have jurisdiction to entertain Boyette’s ADEA claim during the appeal of his JCPB’s decision. It determined that review of the JCPB’s decision was limited by § 22 of Act No. 248, as amended, which provides:
“The decision of the [Jefferson County Personnel] Board based upon all proceedings before the Board shall be final subject to appeal by either party to the Circuit Court to review questions of law and the question of whether or not the decision or order of the Board is supported by the substantial and legal evidence.”
The court found that Boyette’s collateral ADEA action was not only proper, but was, indeed, the only avenue available for him to raise the issue. We find Ex parte Boyette to be dispositive of this issue. The entry of the summary judgment in favor of CGH and the JCPB on Jackson’s ADEA claim is reversed.
The judgment of the three-judge panel affirming Jackson’s dismissal is affirmed. The trial court’s entry of a summary judgment in favor of CGH and the JCPB is reversed and the cause remanded on the authority of Ex parte Boyette.
*459 The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.