The City of Birmingham ("the City") petitioned this court for a writ of certiorari to review whether the Jefferson Circuit Court erred in vacating an order of the Personnel Board of Jefferson County ("the Board") upholding the City's decision to terminate the employment of Nathan Dale Holmes. We affirm the judgment of the circuit court.
In December 2004, the City terminated the employment of Holmes, who had worked for the City as a firefighter. Holmes appealed the termination to the Board, which appointed a hearing officer to conduct a hearing. Following the hearing, the hearing officer issued a report finding that the City had failed to substantiate the charges against Holmes and recommending that the City reinstate Holmes's employment.
Following the issuance of the hearing officer's report, the Board heard the parties' closing arguments at a hearing on July 7, 2006. At the conclusion of that hearing, the parties agreed to give the Board 30 additional days to make its decision. On November 7, 2006, the Board issued an order rejecting the hearing officer's report and sustaining the decision to terminate Holmes's employment. On November 15, 2006, the Board issued an amended order reaching that same result. Holmes appealed the Board's order to a three-judge panel of the circuit court. On August 9, 2007, the circuit court entered a judgment vacating the Board's order and ordering the City to reinstate Holmes's employment. *Page 32 
Following the denial of its post-judgment motion, the City petitioned this court for a writ of certiorari. "[T]he proper method of reviewing circuit court decisions involving appeals from the Jefferson County Personnel Board is by common-law petition for writ of certiorari." Ex parte Personnel Bd. ofJefferson County, 513 So.2d 1029, 1031 (Ala.Civ.App. 1987). "Review of the writ of certiorari in this court is limited to a consideration of the proper application of the law by the circuit court and whether that court's decision is supported by the legal evidence." Copeland v. Personnel Bd. of JeffersonCounty, 498 So.2d 854, 855 (Ala.Civ.App. 1986).
In vacating the Board's order, the circuit court relied on Rule 12.6 of the Board's rules and regulations, which provides, in pertinent part:
 "The Board, at the first regular or special meeting following the hearing [before the hearing officer], shall consider the Hearing Officer's Report and Recommendation, and modify, alter, set aside or affirm said report and certify its findings to the Appointing Authority who shall forthwith put the same into effect. If the Board fails to act within 30 days after receipt of the Hearing Officer's Report and Recommendation, the Report and Recommendation shall become the order of the Board."
(Emphasis added.) The Board issued its order more than 30 days after the Board received the hearing officer's report and after the expiration of any extensions of time agreed to by the parties. The circuit court concluded that the Board lacked the authority to issue its order because the Board had failed to timely issue that order in compliance with the 30-day provision in Rule 12.6.
The City argues, however, that the 30-day provision in Rule 12.6 is invalid because, the City says, it conflicts with § 22 of Act No. 248, Ala. Acts 1945, as amended by Act No. 684, Ala. Acts 1977 ("Act No. 248"). When a conflict exists between a statute and an administrative regulation, the provisions of the statute will prevail. See Ex parte Jones Mfg. Co.,589 So.2d 208, 210 (Ala. 1991). Act No. 248, § 22, provides, in pertinent part:
 "An appointing authority may dismiss . . . an employee holding permanent status for just cause whenever he considers the good of the service will be served thereby. . . . The dismissed . . . employee may within ten days after notice, appeal from the action of the appointing authority by filing with the board and the appointing authority a written answer to the charges. The board must order a public hearing of such charges. The hearing may be before the board or a hearing officer appointed by the board. If the matter is heard by a hearing officer appointed by the board, he shall . . . submit to the board, within five days, a finding of facts and law involved and a recommended decision. The board at its next regular meeting or special meeting shall consider said report and modify, alter, set aside or affirm said report and certify its findings to the appointing authority who shall forthwith put the same into effect. . . . The decision of the board . . . shall be final subject to appeal by either party to the circuit court to review questions of law and the question of whether or not the decision or order of the board is supported by the substantial and legal evidence."
(Emphasis added.)
The City contends that Rule 12.6 usurps the Board's statutory authority by requiring the Board to adopt the hearing officer's report if the Board does not act on an appeal within the 30-day period provided for in Rule 12.6. However, we see no *Page 33 
conflict between Act No. 248, § 22, and Rule 12.6 in this regard. Rule 12.6 merely prescribes a reasonable time limit by which the Board must decide a dismissed employee's appeal; the rule does not usurp the Board's authority, established in Act No. 248, § 22, to make that decision.
The City also argues that Rule 12.6 impermissibly grants the hearing officer authority equal to that of the Board. However, Rule 12.6 clearly grants the Board greater authority than that of the hearing officer. Rule 12.6 vests the Board with the power to "modify, alter, set aside or affirm" the hearing officer's report. Only if the Board fails to act within the 30-day period established by Rule 12.6 would the hearing officer's report become the decision of the Board.
Act No. 248, § 22, provides that an appeal from the Board's order "shall be filed within ten days from the announcement of that order. The City argues that Rule 12.6 conflicts with this provision because, the City says, the Board would not "announce" its order when Rule 12.6 operates to make the hearing officer's report the Board's order. However, when Rule 12.6 operates to make the hearing officer's report the Board's order, the Board's order is essentially "announced" at the expiration of the 30-day period. Moreover, the "announcement" provision in Act No. 248, § 22, merely concerns the time for filing an appeal from the Board's order, which is not an issue in this case; that provision does not concern the validity of Rule 12.6. Accordingly, we find no conflict between the announcement provision in Act No. 248, § 22, and Rule 12.6.
Act No. 248, § 22, provides that "[t]he decision of the board based upon all proceedings before the board shall be final subject to appeal." (Emphasis added.) The City argues:
 "The plain language of [Act No. 248, § 22,] clearly specifies additional proceedings by the Board after the receipt of the hearing officer's report[. Those additional proceedings include] consideration of the report by the Board at a meeting and action to accept, reject or modify the hearing officer's report and recommendation. Until the Board completes these actions, `all proceedings' have not been completed and no decision can be final and ripe for appeal to the circuit court under the plain terms of [Act No. 248, § 22].
 ". . . Until the Board heard arguments and considered the report, all proceedings before the Board were not complete and any decision rendered before the completion of the proceedings would not be final for purposes of appeal."
The City's brief at 29-30. We have concluded that the 30-day period prescribed by Rule 12.6 does not conflict with the provision of Act No. 248, § 22, requiring the Board to "modify, alter, set aside or affirm" the hearing officer's report. Therefore, "all proceedings" before the Board must take place either within that 30-day period or within an extension of that period agreed to by the parties.[1] Accordingly, the City cannot successfully maintain that it was deprived of the opportunity to issue an order "based upon all proceedings" simply because the City conducted "proceedings" after the time for doing so had elapsed.
The City also argues that the circuit court erred in reversing the Board's order on the basis of Rule 12.6 because *Page 34 
Holmes did not raise that issue before the Board. It is undisputed that Holmes first raised the issue of the effect of Rule 12.6 before the circuit court. In this case, Rule 12.6 operated to make the hearing officer's report the order of the Board. Thereafter, the Board lacked the authority to act on Holmes's appeal. Therefore, insofar as Holmes did not raise before the Board the issue of Rule 12.6 after the operation of that rule, we conclude that his raising that issue would have been a futile act. The City notes that Holmes also did not raise the issue of Rule 12.6 before the operation of that rule. However, we see no reason to require Holmes to warn the Board about the impending operation of its own rule.
The City contends that Holmes's raising the issue of Rule 12.6 before the operation of that rule would have permitted the Board an opportunity to "interpret" Rule 12.6. However, the Board's actions in this case suggest that it implicitly interpreted Rule 12.6 as allowing the Board to make a final decision on Holmes's appeal after the expiration of the 30-day period prescribed by that rule. Accordingly, we see no error in the circuit court's reliance on Rule 12.6 merely because Holmes did not ask the Board to explicitly interpret that rule.[2]
We affirm the circuit court's judgment vacating the Board's order and reinstating Holmes's employment. This conclusion pretermits discussion of the City's argument that substantial and legal evidence supports the Board's order.
AFFIRMED.
PITTMAN, BRYAN, and MOORE, JJ., concur.
THOMPSON, P.J., and THOMAS, J., concur in the result, without writings.
[1] We are directed to nothing in Act No. 248 preventing the parties from agreeing to extend the periods prescribed in that act or in the rules adopted pursuant to that act. However, that issue is not before us.
[2] The City notes that the Board appeared "to interpret [the provision in Rule 12.6 requiring the Board] to `act' in the broad sense of `to do something' rather than to specifically mean `issue a decision.'" The City's brief at 41. As noted, Act No. 248, § 22, requires the Board both to "consider" the hearing officer's report and to "modify, alter, set aside or affirm" that report "at its next regular meeting or special meeting." Rule 12.6, like Act No. 248, § 22, requires that the Board must both "consider" and "modify, alter, set aside or affirm" the hearing officer's report. The provision in the next sentence of Rule 12.6 provides that if the Board does not "act" within 30 days, the hearing officer's report shall become the order of the Board. Considering those provisions together, we read the provision in Rule 12.6 permitting the Board 30 days to "act" as plainly permitting the Board 30 days to both "consider" and "modify, alter, set aside or affirm" the hearing officer's report.