THOMAS, Judge.
 

 The Jefferson County Sheriffs Department (“the Department”) petitioned this court for a common-law writ of certiorari to review whether the Jefferson Circuit Court erred by affirming an order of the Jefferson County Personnel Board (“the Board”) that rejected a hearing officer’s recommendation to uphold the termination of Felicia Y. Daniels’s employment.
 

 Daniels, who had served as a Public Safety Dispatcher II for the Department, was notified in January 2005 that her em
 
 *995
 
 ployment would be terminated. Daniels appealed the termination to the Board, after which a hearing officer conducted a full hearing. On July 26, 2006, the hearing officer submitted a report containing findings of fact and a recommendation that the Board uphold the termination of Daniels’s employment.
 

 After it received the hearing officer’s report, the Board heard closing arguments by Daniels and the Department on August 18, 2006. At the end of the hearing, Dr. Lita A. Clark, the chairperson of the Board, requested that the Board be given “up to 30 days to review all of the factual information and the exhibits.” The parties agreed to that request. On September 20, 2006, the Board rendered a decision rejecting the hearing officer’s report and the hearing officer’s recommendation to uphold the termination of Daniels’s employment.
 

 On October 2, 2006, the Department appealed the Board’s order to the circuit court. On December 6, 2007, a three-judge panel of the circuit court affirmed the Board’s order. On December 11, 2007, the Department filed a post-judgment motion, which was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., on March 10, 2008. On April 10, 2008, the Department petitioned this court for a common-law writ of certio-rari.
 

 “ ‘[T]he proper method of reviewing circuit court decisions involving appeals from the Jefferson County Personnel Board is by common-law petition for writ of certiorari.’
 
 Ex parte Personnel Bd. of Jefferson County,
 
 513 So.2d 1029, 1031 (Ala.Civ.App.1987). ‘Review of the writ of certiorari in this court is limited to a consideration of the proper application of the law by the circuit court and whether that court’s decision is supported by the legal evidence.’
 
 Copeland v. Personnel Bd. of Jefferson County,
 
 498 So.2d 854, 855 (Ala.Civ.App.1986).”
 

 Ex parte City of Birmingham,
 
 992 So.2d 30, 32 (Ala.Civ.App.2008).
 

 Citing Rule 12.6 of the Rules and Regulations of the Board and
 
 Ex parte City of Birmingham,
 
 supra, the Department argues that the Board’s September 20, 2006, decision rejécting the hearing officer’s report and the hearing officer’s recommendation was untimely. Rule 12.6 provides, in pertinent part:
 

 “The Board, at the first regular or special meeting following the hearing, shall consider the Hearing Officer’s Report and Recommendation, and modify, alter, set aside or affirm said report and certify its findings to the Appointing Authority who shall forthwith put the same into effect. If the Board fails to act within 30 days after the receipt of the Hearing Officer’s Report and Recommendation, the Report and Recommendation shall become the order of the Board.”
 

 In
 
 Ex parte City of Birmingham,
 
 supra, the hearing officer issued a report recommending that a firefighter who had been dismissed by the City be reinstated to his employment. The Board heard closing arguments on July 7, 2006, after which “the parties agreed to give the [Personnel] Board 30 additional days to make its decision.” 992 So.2d at 31. Four months later, on November 7, 2006, the Board issued an order rejecting the hearing officer’s report.
 

 The firefighter sought judicial review. A three-judge circuit court panel entered a judgment vacating the Board’s order as untimely and ordering the City to reinstate the firefighter’s employment. On certiorari review, this court affirmed, holding that Rule 12.6 requires a personnel board to
 
 “decide
 
 a dismissed employee’s appeal,” 992 So.2d at 33 (emphasis added),
 
 *996
 
 by “ ‘modifying], altering], se[ting] aside or affirming]’ the hearing officer’s report” within the 30-day period provided for in the rule, or within an extension of that period agreed upon by the parties,
 
 Id.
 
 (quoting Ala. Acts 1945, Act No. 248, § 22, as amended by Ala. Acts 1977, Act No. 684).
 

 Accordingly, in the present case, the Board was required to act upon the hearing officer’s report by Monday, September 18, 2006, because the 30th day following August 18, 2006, was September 17, 2006, a Sunday,
 
 see
 
 § 1-1-4, Ala.Code 1975,
 
 [1]
 
 or to have “Rule 12.6 operate[ ] to make the hearing officer’s report the order of the Board,”
 
 see Ex parte City of Birmingham,
 
 992 So.2d at 34.
 

 Daniels argues that this case is distinguishable from
 
 Ex parte City of Birmingham
 
 because, she asserts, in this case the parties allowed the Board 30 additional days to review the evidence, whereas in
 
 Ex parte City of Birmingham
 
 the parties allowed the Board 30 additional days to render a decision. Daniels thus contends that September 18, 2006, marked the end of the agreed-upon 30-day period to review the evidence, but not the end of the time within which the Board was required to render a decision.
 

 That the Board was given 30 extra days to “make its decision” in
 
 Ex parte City of Birmingham
 
 and the Board was given 30 extra days to “review the evidence” in this case is a distinction without a difference. Rule 12.6 requires the Board to “modify, alter, set aside, or affirm” the hearing officer’s report and recommendation. It further provides that if the Board “fails to
 
 act
 
 within 30 days after the receipt of the Hearing Officer’s Report and Recommendation, the Report and Recommendation shall become the order of the Board.” (Emphasis added.) As this court implicitly determined in
 
 Ex parte City of Birmingham,
 
 the word “act” in Rule 12.6 refers to the requirement that the Board “modify, alter, set aside, or affirm” the hearing officer’s report and recommendation. The “act” that is contemplated by Rule 12.6 is necessarily, therefore, the rendering of a decision.
 

 Accordingly, the hearing officer’s report and recommendation that the termination of Daniels’s employment be upheld became “the order of the Board” by virtue of Rule 12.6. That order was not adverse to the Department. A party may appeal only an adverse ruling contained in a final judgment.
 
 Home Indem. Co. v. Anders,
 
 459 So.2d 836, 842 (Ala.1984). “[W]here a judgment is wholly in a party’s favor and there is nothing prejudicial in the judgment no appeal lies to the prevailing party.”
 
 Personnel Bd. of Jefferson County v. Bailey,
 
 475 So.2d 863, 865-66 (Ala.Civ.App.1985). “An appeal may be taken from a final judgment by either party ...; but, if there is nothing in the record prejudicial to the appellant, and the judgment is in his favor to the full extent claimed, there is nothing on which to predicate an appeal, and it is usual to dismiss it.”
 
 Hamrick v. Town of Albertville,
 
 223 Ala. 216, 217, 135 So. 326, 326 (1931).
 

 The circuit court erred by failing to dismiss the Department’s appeal. We therefore reverse the circuit court’s judg
 
 *997
 
 ment and remand the cause with instructions that the circuit court vacate its order addressing the merits of Daniels’s employment termination and dismiss the Department’s appeal.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Section 1-1-4 provides, in pertinent part:
 

 "Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is Sunday, or a legal holiday ..., or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done.”