On Application for Rehearing

THOMAS, Judge.
The opinion of May 28, 2010, is withdrawn, and the following is substituted therefor.
Joseph E. Pierson, who was employed by the Jefferson County Roads and Transportation Department (“the Department”) as a traffic-striping machine operator, was terminated from his employment with the Department on September 19, 2007. Pierson appealed the termination to the Jefferson County Personnel Board (“the Board”). After a two-day hearing, the hearing officer determined in his report and recommendation that Pierson should be reinstated and that Pierson should be offered anger-management training as a result of the behavior that led to the termination of his employment. *634 The Board received the hearing officer’s report and recommendation on April 14, 2008. The Department filed a detailed objection to the hearing officer’s report and recommendation with the Board. The Board considered the Department’s objection and reviewed the record developed before the hearing officer; the Board ultimately rejected the hearing officer’s report and recommendation and affirmed the Department’s termination of Pierson’s employment. The Board’s order was signed by the Board members on May 13, 2008; however, the order was not stamped as received by the Board, and the certificate of service of the order was not completed, until May 15, 2008.
Pierson appealed the Board’s order to a three-judge panel of the Jefferson Circuit Court. See Act No. 248, § 22, Ala. Acts 1945, as amended by Act No. 684, Ala. Acts 1977 (“the enabling act”) (stating that an appeal from the Board’s order lies in the circuit court and that the presiding judge of the circuit court shall assign the case to a panel of three judges for review). On January 21, 2009, the circuit court reversed the Board’s decision and remanded the cause to the Board for it to make required findings of fact so that the circuit court could properly review the Board’s order. After the Board complied, the circuit court affirmed the Board’s decision to uphold the termination of Pierson’s employment on September 8, 2009. Pierson seeks certiorari review of the judgment of the circuit court.
‘““[T]he proper method of reviewing circuit court decisions involving appeals from the Jefferson County Personnel Board is by common-law petition for writ of certiorari.” Ex parte Personnel Bd. of Jefferson County, 513 So.2d 1029, 1031 (Ala.Civ.App.1987). “Review of the writ of certiorari in this court is limited to a consideration of the proper application of the law by the circuit court and whether that court’s decision is supported by the legal evidence.” Copeland v. Personnel Bd. of Jefferson County, 498 So.2d 854, 855 (Ala.Civ.App.1986).’ ”
Ex parte Jefferson County Sheriff's Dep’t, 13 So.3d 993, 995 (Ala.Civ.App.2009) (quoting Ex parte City of Birmingham, 992 So.2d 30, 32 (Ala.Civ.App.2008)).
As he did before the circuit court, Pierson first argues before this court that the Board’s decision was not timely rendered under its own Rule 12.6, thus causing the hearing officer’s report and recommendation to become the order of the Board. Rule 12.6 reads, in part, as follows:
“The Board, at the first regular or special meeting following the hearing, shall consider the Hearing Officer’s Report and Recommendation, and modify, alter, set aside or affirm said report and certify its findings to the Appointing Authority who shall forthwith put the same into effect. If the Board fails to act within 30 days after the receipt of the Hearing Officer’s Report and Recommendation, the Report and Recommendation shall become the order of the Board.”
(Emphasis added.)
The rule requires that the Board “act” on the hearing officer’s report and recommendation within 30 days of the Board’s receipt of the hearing officer’s report and recommendation. If the Board fails to act within that 30-day period, the hearing officer’s report and recommendation becomes the order of the Board. Thus, Rule 12.6 operates much like Rule 59.1, Ala. R. Civ. P., which automatically denies a pending postjudgment motion at the end of a 90-day period, see, e.g. Ex parte PinnOak Res., LLC, 26 So.3d 1190, 1199 (Ala.2009), except that Rule 12.6 causes the adoption of the hearing officer’s report and recommendation as the order of the Board at the expiration of the 80-day period. See Ex *635 parte City of Birmingham, 992 So.2d at 33 (stating that the Board’s order would be “announced,” as required by the enabling act, as if the Board had issued the hearing officer’s report and recommendation upon the expiration of the 30-day period).
Pierson contends that May 15, 2008, the date that the Board’s order was stamped filed by the Board and the date that appears on the certificate of service of the Board’s order, is the pertinent date upon which to base a determination of the timeliness of the Board’s order. The Department argues, however, that the Board is only required “to act” within the 30-day period and that the action required to be taken by the Board is merely the “rendering of a decision” to “modify, alter, set aside, or affirm” the hearing officer’s report and recommendation. See Ex parte Jefferson County Sheriff's Dep’t, 13 So.3d at 996 (“The ‘act’ that is contemplated by Rule 12.6 is necessarily, therefore, the rendering of a decision.”). Thus, the Department contends that May 13, 2008, the date that the order was signed by the members of the Board, is the date that the order was rendered and that date is the appropriate date upon which to base the timeliness determination.
Pierson argues that a decision to use the date that the Board members signed the order as the date upon which to base a timeliness determination for purposes of Rule 12.6 would also result in that date being the “announcement” of the order for purposes of triggering the running of the time for appeal from the Board’s order under the enabling act. See Act No. 248, § 22, Ala. Acts 1945, as amended by Act No. 684, Ala. Acts 1977 (stating that an appeal from the Board’s order to the circuit court “shall be filed within ten days from the announcement of the [Board’s] ... order....”); Ex parte City of Birmingham, 992 So.2d at 33 (equating the automatic adoption of the hearing officer’s report and recommendation upon the expiration of the 30-day period in Rule 12.6 with the “announcement” of the Board’s order). Pierson contends that such a conclusion could possibly leave an employee in the position of having little or no time to perfect an appeal from an order of the Board. In order to determine whether the date the Board’s order was signed or the date the Board’s order was stamped filed and the certificate of service was executed is the appropriate date for determining whether the Board’s order was timely entered in the present case, we will turn to the language used in the enabling act and to principles of statutory construction.
“In interpreting the provisions of an Act ..., a court is required to ascertain the intent of the legislature as expressed and to effectuate that intent. Lewis v. Hitt, 370 So.2d 1369 (Ala.1979). The legislative intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained by its passage. Ex parte Holladay, 466 So.2d 956 (Ala.1985). Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. Coastal States Gas Transmission Co. v. Alabama Public Service Commission, 524 So.2d 357 (Ala.1988); Alabama Farm Bureau Mutual Casualty Insurance Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984). If the language of the statute is clear and unambiguous then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Dumas Brothers Manufacturing Co. v. Southern Guaranty Insurance Co., 431 So.2d 534 (Ala.1983); Town of Loxley v. Rosinton Water, Sewer, & Fire Protection Authority, Inc., 376 So.2d 705 (Ala.1979).”
*636 Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687, 689 (Ala.1991).
Under the enabling act, an appeal from the order of the Board must be filed ■within 10 days of the “announcement” of the order. Act No. 248, § 22, Ala. Acts 1945, as amended by Act No. 684, Ala. Acts 1977; see also Ex parte City of Birmingham, 992 So.2d at 33. “Announcement” is defined as “a public notification or declaration.” Merriam-Webster’s Collegiate Dictionary 50 (11th ed.2003). The enabling act also requires that “[t]he [BJoard’s [order] ... be certified to the appointing authority who shall forthwith put the same into effect.” Act No. 248, § 22, Ala. Acts 1945, as amended by Act No. 684, Ala. Acts 1977. “Certify” is defined as “to present in formal communication.” Merriam-Webster’s Collegiate Dictionary 203 (11th ed.2003). “Effect” is defined as “the quality or state of being operative.” Merriam-Webster’s Collegiate Dictionary 397 (11th ed.2003). Thus, based on the language of the enabling act, the Board’s order must be formally communicated to the appointing authority so that the order may become operative, and the time for appeal begins to run once the parties have been notified of the order.
However, it does not follow that Rule 12.6 requires that the Board’s order must be formally communicated for the Board to have timely fulfilled its duty under Rule 12.6. Rule 12.6 requires the Board “to act,” but, under the enabling act, the time for appeal begins to run on the date of the “announcement” of the Board’s order. Act No. 248, § 22, Ala. Acts 1945, as amended by Act No. 684, Ala. Acts 1977. Similarly, Rule 58, Ala. R. Civ. P., distinguishes between the “rendering” of an order and the “entry” of an order. The act of rendering an order is accomplished by the trial judge. Rule 58(a). The entry of that order is accomplished by the input of the order into the State Judicial Information System. Rule 58(c). A judgment must be entered in order to trigger the running of the time for appeal. Rule 4(a)(1), Ala. R.App. P. (indicating that the time for appeal runs from the date of entry of the judgment or order).
As we noted earlier, Rule 12.6 works similarly to Rule 59.1, Ala. R. Civ. P. The distinction between rendition and entry is also relevant in the application of Rule 59.1. Under Rule 59.1, a trial court must render an order on a postjudgment motion within 90 days or the motion is deemed denied by operation of law. Rule 59.1 (indicating that a postjudgment motion is deemed denied by “[a] failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder .... ”). Provided that the trial court has rendered an order on the motion before the expiration of the 90-day period, the entry of the order after the 90th day by the clerk does not affect the timeliness of the trial court’s action. Committee Comments to Amendment to Rule 59.1 Effective October 24, 2008. (“[T]he Committee, at the request of the Court, has proposed this amendment to Rule 59.1 to cause the timely rendering of an order to be effective to prevent the automatic denial by expiration of time, but retaining the requirement that the order must still be entered for other purposes of these Rules, such as the running of the time for an appeal pursuant to Rule 4, Ala. R.App. P.”). The date of the entry of the order, however, does trigger the time for appeal. Id.
By comparison, the date the Board certifies its order to the appointing authority, as required by the enabling act, can fairly be considered the date of announcement, or entry, of the Board’s order for the purpose of determining when the time for appeal should begin to run. However, like Rule 59.1, Rule 12.6 requires only that the *637 Board “act” on, or render a decision on, the hearing officer’s recommendation within 30 days of receiving the recommendation, not that the Board’s order be certified to the appointing authority within that period. See Ex parte Jefferson County Sheriff’s Dep’t, 13 So.3d at 996. Thus, we conclude that the Board’s May 13, 2008, rendering of its decision was timely under Rule 12.6.
We now turn to Pierson’s second argument on appeal. Pierson argues that the circuit court lacked the authority to remand the appeal to the Board for it to supply findings of fact to support its decision to reject the hearing officer’s recommendation. However, as the Board points out, the enabling act permits the three-judge panel of the circuit court considering an appeal from the Board to “affirm, reverse, remand or render said cause.” Act No. 248, § 22, Ala. Act 1945, as amended by Act No. 684, Ala. Acts 1977. Pierson has presented no authority to support a conclusion either that the circuit court acted without authority in remanding the cause or that the Board’s order was “constitutionally deficient,” as Pierson contends. Thus, because the circuit court had the express power to remand the cause, we cannot agree that the circuit court erred by doing so.
Finally, Pierson argues that the findings of the Board were “inaccurate, incomplete, and biased.” As a basis for his objections to the Board’s findings, Pierson contends that the Board recites evidence elicited from the direct testimony of several witnesses despite what he calls “exculpatory” testimony elicited on cross-examination from the same witnesses. He also argues that the Board ignored evidence favorable to him.
Our standard of review in this case is quite limited.
“ ‘At the outset, we note that the Board’s decision must be affirmed if substantial evidence supports it. City of Birmingham v. Personnel Board of Jefferson County, 464 So.2d 100 (Ala.Civ.App.1984). Both the trial panel and this court are bound by the same substantial evidence standard of review. City of Birmingham, supra. Substantial evidence is relevant evidence that a reasonable mind would view as sufficient to support the determination. Ex parte Morris, 263 Ala. 664, 83 So.2d 717 (1955).’ ”
Ex parte City of Birmingham, 870 So.2d 742, 746 (Ala.Civ.App.2003) (quoting Ex parte Personnel Bd. of Jefferson County, 648 So.2d 593, 594 (Ala.Civ.App.1994)).
The testimony presented before the hearing officer, although conflicting, supported the conclusion that Pierson behaved in an insubordinate manner toward his supervisors, that he exhibited anger and hostility toward his supervisors and coworkers, and that he generally exhibited a negative attitude about his work duties. Particular incidents involving Pierson’s failure to perform his work duties were recounted, including an incident during which he walked away from his duties to talk on his cellular telephone and another incident during which he left his crew shorthanded while it was performing signal-flag duties to ride on the back of the road-paving machine being operated by another crew. The evidence indicated that some of Pierson’s neglect of his duties impacted the safety of his crew, other crews, and the public. In addition the evidence reflected that some of Pierson’s coworkers had complained about his behavior and attitude and that morale had improved since Pierson was dismissed from his employment. Although one view of the conflicting testimony, which included the testimony of Greg Barnes, who testified that some of the allegations against Pierson indicating that he had neglected his work were not well founded, might *638 support a conclusion that Pierson’s dismissal was not warranted, we are not permitted to reweigh the evidence presented to the hearing officer. The Board’s order is supported by substantial evidence, and the trial court’s judgment is therefore affirmed.
APPLICATION GRANTED; OPINION OF MAY 28, 2010, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.